IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CARLOS L. COLDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:25-cv-00847 |
| | ) | |
| RUTHERFORD COUNTY SHERIFF'S | ) | JUDGE RICHARDSON |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Carlos L. Coldon, a former inmate of the Rutherford County Jail, filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) Plaintiff subsequently filed a Motion for Appointment of Counsel. (Doc. No. 7.)

## I. PAUPER STATUS

Plaintiff's IFP application shows that he is confined to a wheelchair, unemployed, on public assistance, and awaiting approval of disability benefits from the Social Security Administration. It therefore sufficiently demonstrates that he cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). A viable claim is stated under 42 U.S.C. § 1983 if (and only if) the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

**B. Facts**

The Complaint alleges that, on August 22, 2024, Plaintiff was subjected to excessive force at the Rutherford County Jail when Officer Van Winkle "grabbed the back of [Plaintiff's] wheelchair[,] nearly dumping [him] out of it" and causing him to grab the wheels. (Doc. No. 1 at 6.) Corporal Doty then "grabbed [Plaintiff's] right leg" but not his left, so that his left leg dragged

the ground when the wheelchair was moved "for a hundred feet or more." (*Id.*) Plaintiff alleges that, as a result of Van Winkle and Doty's actions, he "suffered bruising to [his] left big toe, pain, and emotional distress." (*Id.*)

## C. Analysis

The sparse allegations of the Complaint cannot establish a plausible claim that Plaintiff suffered a violation of his constitutional rights. Plaintiff claims that his treatment at the Rutherford County Jail on the day in question violated his Fourth and Eighth Amendment rights. (Doc. No. 1 at 6.) But no constitutional protections apply to protect an inmate from a "use of force" such as the one alleged here.

To begin with, the Fourth Amendment protects "free citizens" from the use of excessive force by a government agent in effecting a seizure. *Leary v. Livingston Cnty.*, 528 F.3d 438, 443 (6th Cir. 2008) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). Plaintiff was not a free citizen when the allegedly excessive force was applied to him. He was either a pretrial detainee or a convicted prisoner, so his constitutional protection from excessive force would come from either the Fourteenth Amendment's Due Process Clause (if detained) or the Eighth Amendment as incorporated into the Fourteenth Amendment (if convicted). *Id.* A detainee is not required to show the defendant's state of mind, but rather only that the use of force was "objectively unreasonable," *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015), while a convict must show that force was applied "maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Regardless of which protection applies, "an excessive-force claimant must show something more than *de minimis* force." *Leary*, 528 F.3d at 443. The Court cannot tell with certainty from the Complaint (or from information of which the Court can take judicial notice) whether in August 2024 Plaintiff was a pretrial detainee or

convicted prisoner, so that Court will assume (to Plaintiff's benefit) that he was a pretrial detainee such that the more lenient standard applies.

Defendants' actions in grabbing Plaintiff's wheelchair and leg do not appear to involve more than a *de minimis* application of force. *Cf. May v. Wright*, No. 7:23-CV-00053, 2025 WL 726578, at *5 (W.D. Va. Mar. 6, 2025) (finding that "more than *de minimis* force" was used to "grab and sling Plaintiff toward the wheelchair," and in the forceful pushing of the wheelchair *after* the plaintiff fell face-first out of the wheelchair "for the first time," but that "Defendant's push of Plaintiff's wheelchair may have been *de minimis* before Plaintiff fell out of the chair for the first time"); *Lewis v. Huebner*, No. 17-CV-8101 (KMK), 2020 WL 1244254, at *6 (S.D.N.Y. Mar. 16, 2020) (claim that defendant "'merely push[ed] Plaintiff back into [her] wheelchair, without more,' is *de minimis* and therefore insufficient to state a constitutional violation"). Moreover, the Complaint does not suggest that the dragging of Plaintiff's left big toe for roughly a hundred feet was done knowingly or deliberately to inflict harm. If the infliction of harm was the result of negligence, then liability for such harm "is categorically beneath the threshold" of a constitutional claim. *Kingsley*, 576 U.S. at 396 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)). In any event, grabbing Plaintiff's wheelchair in such a manner that he "nearly" fell from it and pushing it "a hundred feet or more" with his left foot/toe dragging the ground is not conduct that "falls on the actionable side of the line" between force that is *de minimis* and force that could support a constitutional claim. *Erickson v. Gogebic Cnty., Michigan*, 133 F.4th 703, 709–10 (6th Cir. 2025) (finding an actionable excessive-force claim supported by allegation that handcuffed inmate was taken to the ground, "pulled . . . back and forth for ten seconds," then "passively lay on his stomach" while guard "drove his knee into [plaintiff's] back for another forty or so seconds").

Even if the Court were to assume for purposes of initial review that more than a *de minimis* level of force was applied "purposely or knowingly," the Complaint's allegations are insufficient to support an inference that the use of force was "objectively unreasonable," as required for a detainee to state an excessive-force claim. *Kingsley*, 576 U.S. at 396–97. "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397. Here, the Complaint does not supply any facts whatsoever concerning the need or motivation for the Defendant officers to "grab" Plaintiff's wheelchair and legs and to move him the short distance he alleges; any degree of threat or resistance they may have been responding to; or any injury resulting to Plaintiff aside from a bruised big toe and alleged emotional distress. In short, Plaintiff's allegations are insufficient even to enable an assessment of the reasonableness of the force Defendants applied to him.

Accordingly, the Complaint fails to state a viable claim under Section 1983. It does not "plead[] factual content that allows the court to draw the reasonable inference that [any] defendant is liable" for an unconstitutional use of excessive force. *Iqbal*, 556 U.S. at 678. This case will therefore be dismissed.

### III. CONCLUSION

For the reasons discussed above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. Plaintiff's Motion for Appointment of Counsel (Doc. No. 7) is **DENIED** as moot.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE